# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY L.S. DORSEY, #193-579 | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. GLR-13-2190 |
| WESTERN CORRECTIONAL INSTITUTION, | * | |
| J. PHILLIP MORGAN, *Warden*, FRANK BISHOP, JR., *Warden*, | * | |
| S.A. WILSON, *Property Officer* | * | |
| Defendants | * | |

## MEMORANDUM

Terry L.S. Dorsey is suing Defendants Western Correctional Institution ("WCI"), former Warden J. Philip Morgan, Warden Frank B. Bishop, Jr., and Property Officer Steven A. Wilson pursuant to 42 U.S.C. § 1983.  Defendants have filed a Motion to Dismiss or, in the Alternative for Summary Judgment.  ECF No. 13.  Dorsey has filed an opposition.  ECF No. 17.  No hearing is needed to resolve the issues.  See Local Rule 106.5 (D.Md. 2014).

## I. BACKGROUND

Dorsey's allegations arise from the time he was an inmate at WCI.[1]  Dorsey alleges on July 7, 2011, Officer Wilson caused his property to be "forfeited" by wrongfully demanding that Dorsey provide an address where his property could be sent out of the institution due to his placement in disciplinary segregation. According to Dorsey, there was no basis to forfeit the property because the infraction, on which his move to a segregation unit was based, was later reversed.  Additionally, Dorsey claims the internal directive on which the forfeiture was based,

---

[1]  Dorsey is presently confined at North Branch Correctional Institution. See http://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=78579.

WCI 110-6-1, conflicts with Division of Correction ("DOC") directive DCD 220-001, Part E, p. 3 which reads: "The institution shall store the inmate's property that is withdrawn from the inmate's use for a specified period of time (such as due to the inmate's disciplinary status)." Dorsey is requesting an unstated sum of punitive damages as relief.  ECF No. 1; ECF No. 17, Ex. 3.

## A.    Disciplinary Infraction

The following facts contained in Defendants' verified exhibits are not in dispute.  On April 11, 2011, Dorsey was found guilty of violating institutional rule numbers 104, 400, 405 and 406 (threatening language, disobeying, disrespect, and contraband) and received a total of 210 days of segregation.  Specifically, he received 150 days segregation for violating rule 104, an additional 60 days of segregation for violating rule 400, and 60 days for violating rules 405 and 406 to be served concurrent with the other sanctions.  ECF No. 13, Ex. 3, p. 5; Ex. 8 ¶ 14. The decision was affirmed by the Warden on April 29, 2011.  ECF No. 13, Exs. 1 and 2.

On May 19, 2011, Dorsey filed a grievance with the Inmate Grievance Office ("IGO") to appeal the results of the disciplinary proceeding.[2]  ECF No. 13, Ex. 8. Administrative Law Judge D. Harrison Pratt held a hearing on August 24, 2011, at which Dorsey represented himself. On October 26, 2011, Judge Pratt found the grievance meritorious as to the rule 104, 400, and 405 violations, and without merit as to the rule 406 violation.[3]  Id. Judge Pratt proposed remanding the case for a second disciplinary hearing on the rule 104, 400, and 405 violations.

_____

[2]   The Court notes that Dorsey filed a Complaint pursuant to 42 U.S.C.§ 1983 based on the underlying incident in Dorsey v.Morgan, et al., Civil Action No. GLR-12-285, and raised claims of excessive force.  Summary judgment was entered in favor of Defendants on November 15, 2012.

[3]   Dorsey had requested production of a video recording of the incident on which the infractions were based.  The WCI representative informed the hearing officer that there is "no video that has been retained by the institution and none will be presented as evidence."  ECF No.

On July 10, 2013, Randall Watson[4] of the Department of Public Safety and Correctional Services ordered the rule 104, 400 and 405 violations be reduced to an incident report because the remand hearing had yet to be scheduled.  ECF No. 13, Ex. ¶ 5; Ex. 9.

In his opposition, Dorsey asserts that he was entitled to a "forfeiture or pre-deprivation hearing" and WCI officials were required to Stay disposition of his property pending completion of his appeal rights.[5]  ECF No. 17.  In support, he has submitted a copy of DCD # 220-004, change note 12-08, which states:

> If the confiscation of property is not associated with a Notice of Inmate Rule Violation and Disciplinary Hearing, or if forfeiture is not addressed as part of a formal disciplinary hearing per DCD 105-7, an administrative hearing will be held to specifically address the question of forfeiture. An administrative hearing for forfeiture shall be conducted by a hearing officer or facility hearing officer per DCD 105-3.

ECF No. 17, Ex. 3.

**B.    Property Disposition**

According to WCI ID 110.0006.1, an inmate sentenced to 180 days or more of disciplinary segregation will have his property inventoried and receive only that property permitted within the guidelines of the Institutional Directive, Appendix 1.  ECF No. 13, Ex. 1 at ¶ 3; Ex. 4, p 4.  The inmate is then given the opportunity to mail the remainder of the property

---

13, Ex. 8, p. 5 ¶ 13. The Administrative Judge ruled: "Having properly requested the production of the video recording, the Inmate is entitled to have the recording produced, or in the alternative, have the Hearing Officer rule as to whether the institution's failure to produce it was justified…." Id. p. 8. The Administrative Judge noted the WCI representative did not assert the video implicated security concerns and the hearing officer was obliged to make a determination that the WCI representative was credible.  Id.

[4]    Randall Watson is Director of Programs and Services of the Department of Public Safety and Correctional Services. See https://www.google.com/search?noj=1&biw=1152&bih=744&q="randall+watson"+dpscs&oq ="randall+watson"+dpscs&gs_l=se.

[5]    It is unclear to the Court why Dorsey filed a copy of fellow inmate Jean Germain's affidavit as it does not address facts pertinent to this case. ECF No 17.

out of the institution at his expense.  In the event an inmate is indigent or refuses to provide an address or sign a money voucher covering the cost of postage, the institution may dispose of the property.  Id.  Officer Wilson attests in his affidavit that WCI has implemented the 180-day segregation rule in order to: ascertain available storage space for lengthy disciplinary segregation sentences; avoid food items being infested by insects and rodents; limit institutional responsibility for stored items; deter inmates from receiving rule violations; and eliminate potential fire hazards.  ECF No. 13, Ex. 1 ¶ 4.

On May 12, 2011 and May 23, 2011, Dorsey's property was inventoried and non-allowable segregation property was recorded on Appendix 5 to DCD 220-004.  ECF No. 13, Ex. 1 ¶ 3; Ex. 5-6.  According to the property sheet, several items were mailed to an address Dorsey provided, several items were designated to be destroyed, one item was returned to the clothing room, and his television was held for an Administrative Remedy.[6]  Id.

## II. DISCUSSION

### A.    Standards of Review

#### 1.       The Motion to Dismiss Standard

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must set forth "a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  In considering a

---

[6]    A typewriter, picture frames, and athletic shorts were sent to the address Dorsey provided. Hygiene items, playing cards, and a bowl were destroyed.  A state-issued pair of shoes was returned to the institutional clothing room.  It is unclear what is meant by "held for an Administrative Remedy."  Dorsey does not dispute the television was returned to him on May 4, 2012.  (ECF No. 13, Ex, 1 at ¶3; Ex. 6).

Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. <u>Mylan Labs</u>., <u>Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993).  A <u>pro se</u> complaint must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Erickson v. Pardus</u>, 551 U.S. 89 94 (2007).

**2.      The Summary Judgment Standard**

"When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." <u>Laughlin v. Metro. Wash. Airports Auth.</u>, 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(b)) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970)).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986).  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson</u>, 477 U.S. at 247–48 (alteration in the original).

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven–Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven–Lewis, 249 F.3d at 265. Here, because the Court will consider matters outside of the pleading, Defendants' Motion will be construed as a Motion for Summary Judgment.

**B.    Analysis**

**1.    Claims against Western Correctional Institution**

Under the Eleventh Amendment to the United States Constitution, a state, or one of its agencies or departments, is immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.   See Penhurst State School and Hospital v Halderman, 465 U.S. 89, 100 (1984).   While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. Ann. Code, State Gov't. Art., § 12- 201(a) (2014 West), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, WCI is not subject to suit in the federal district court.

Further, WCI is not a proper defendant in a § 1983 action, for which a plaintiff must allege injury by a "person" acting under color of state law.   See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1230 (2002).   WCI is a building, an inanimate object that cannot act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983.

See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (affirming the dismissal of a § 1983 claim against the Piedmont Regional Jail because the jail is not a "person" and, therefore, not amenable to suit under § 1983).  For these reasons, WCI will be dismissed as a defendant from this action.

        **2.**        **Claims Against the Remaining Defendants**

First, under 42 U.S.C. § 1983, a Plaintiff must establish violation of a constitutional right or federal law.  See Baker v. McCollan, 443 U.S. 137, 140 (1979).  Prisoners typically have a liberty interest where good time credits are lost (thus lengthening the amount of time to be served), or where actions are taken that unexpectedly exceed the scope of their sentence.  In such circumstances, the procedural protections of the Due Process Clause come into play.  See Sandin v. Conner, 515 U.S. 472, 483–84 (1995).  Where these circumstances are not implicated, prisoner due process rights are based on mandatory language in state law or regulations that create enforceable expectations, see Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (finding that prisoners are entitled to due process to ensure that state-created rights are not arbitrarily abrogated); see also Meachum v. Fano, 427 U.S. 215, 228 (1976) (finding that a prisoners expectations amid prison officials' discretion are too ephemeral and insubstantial to trigger procedural due process protections), or where the adverse action imposes "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

To the extent Dorsey is claiming a violation of due process under the Fourteenth Amendment, as first suggested in his Reply (ECF No. 17), his claim is unavailing.  In cases of lost or stolen property, sufficient due process is afforded to a prisoner where he has access to an adequate post-deprivation remedy.  See Parratt v. Taylor, 451 U.S. 527, 542-44 (1981), overruled in part on other grounds, in Daniels v. Williams, 474 U.S. 327 (1986).  Dorsey has available to

him post-deprivation tort remedies provided by Maryland's Tort Claims Act and through the Inmate Grievance Office.  These post-deprivation remedies provided him the process that was due. <u>See</u> <u>Juncker v. Tinney</u>, 549 F.Supp. 574, 579 (D.Md. 1982).  Accordingly, Defendants are entitled to summary judgment in their favor as to this claim.

Next, with respect to the Institutional Directives, the Court finds DCD# 220-004 does not contain mandatory language permitting confiscation and disposition of personal property for inmates on long-term disciplinary segregation only in instances where confiscation is incorporated into the adjustment sanction handed down by a hearing officer.  Furthermore, prisoners for a variety of reasons, including space limitations, are directed to send property outside of the institution for safe-keeping. That Plaintiff was provided this option while serving a long-term disciplinary segregation sentence does not amount to an atypical or significant hardship.

Additionally, Dorsey's reliance on DCD 220-001 and 004 provides no grounds for relief. Dorsey's property was stored and/or confiscated in association with a Notice of Inmate Rule Violation and Disciplinary Hearing which found him guilty of four infractions and sanctioned him with 210 days of disciplinary segregation.  There is no requirement that the property disposition be stayed pursuant to the outcome of an administrative appeal.  The hearing officer's April 11, 2011 determination was affirmed by the Warden on April 29, 2011, and Dorsey's property was inventoried on May 12, 2011.  Administrative Law Judge Pratt's decision was issued six months later on October 26, 2011.

Finally, with respect to Dorsey's claims that WCI staff failed to adhere to established policies, procedures, rules and regulations, "[i]f the state law grants more procedural rights than the Constitution would otherwise require, a State's failure to abide by that law is not a federal

due process issue." <u>Riccio v. Cnty. of Fairfax</u>, 907 F.2d 1459, 1469 (4th Cir. 1990).  Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim where constitutional minima are met. <u>See</u> <u>Myers v. Kelvenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996).  Thus, there is no genuine issue of material fact and summary judgment in favor of the Defendants is appropriate.

### III. CONCLUSION

For these reasons, the Court will DISMISS WCI as a Defendant in this action and will GRANT summary judgment in favor of the remaining Defendants.  A separate Order follows.

September 5, 2014

/s/

_____
George L. Russell, III
United States District Judge